UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FORREST L. INGRAM, P.C. | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 09 C 1967 |
| v | ) |
| | ) Judge Darrah |
| WALTER E. ROCKWELL, | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

NOW COMES Defendant, by and through his attorney and for his answer to the complaint states as follows.

### PARTIES

1. Plaintiff Forrest L. Ingram, P.C. ("Plaintiff") is a professional corporation located at 79 W. Monroe St., Suite 900, Chicago, Illinois, 60603, that specializes in providing legal services.

**ANSWER**: Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 and therefore denies same.

2. Defendant Walter E. Rockwell ("Defendant") is an individual residing at 9471 Medina. Dr., Santee, California, 92071.

**ANSWER**: Admits the allegations of paragraph 2.

### BASIS OF JURISDICTION

3. This Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. §1332(a)(1), which provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between citizens of different States."

**ANSWER:** Admits the allegations of paragraph 3.

4. Venue is proper because the contracts at issue required filing of a chapter 11 case in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, See 28 U.S.C. §1191(a)(2), which states, in relevant part, that "a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred..."

**ANSWER:** Admits the allegations of paragraph 4.

## BACKGROUND

5. On March 5, 2008, Plaintiff entered into an Engagement Agreement ("Agreement") to perform legal services for Local Choices US, Inc, ("Local Choices"), an Illinois corporation in good standing doing business at 1112 S. Wabash, Chicago, IL 60605 [FEIN: 06-1819903]. The Engagement Agreement is attached hereto as Exhibit A.

**ANSWER:** Denies the allegations of paragraph 5.

6. As part of the Engagement Agreement, Defendant executed a Personal Guaranty ("Personal Guaranty") to pay to Plaintiff, any fees and costs incurred during the representation of Local Choices in a chapter II bankruptcy case to be filed in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, The Personal Guaranty is attached hereto as Exhibit B.

**ANSWER:** Admits the allegations of paragraph 6

7. Defendant confirmed in an email to Plaintiff that his true and valid signature is on the Personal Guaranty. The correspondence is attached hereto as **Exhibit C**.

**ANSWER:** Admits the allegations of paragraph 7.

8. In addition, on March 15, 2008, Defendant signed an Additional Commitment to Advance Payments for services provided to Local Choices in which *he* agreed to make regular weekly payments to Plaintiff, generally in the sum of $5,000.00, or if that was not possible in a particular week, a sum no less than $3,500.00. The Commitment is attached hereto as **Exhibit D**.

**ANSWER:** Admits the allegations of paragraph 8.

9. On July 3, 2008, the United States Bankruptcy Court for the Northern

2

District of Illinois, Eastern Division, entered an Order Granting the First Interim Application of Plaintiff's for the Allowance and Payment of Compensation and Costs relating to the chapter II bankruptcy of Local Choices. The Order, granting $53,565.75 compensation and providing that the fee could be collected against the guarantors, is attached hereto as Exhibit E.

**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 and therefore denies same.

10. On October 14, 2008, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, entered an Order awarding Allowance and Payment of Final Application for Compensation and Reimbursement of Expenses, to Plaintiff, relating to the chapter 11 bankruptcy of Local Choices, That Order, allowing fees and costs in the additional amount of $32,565.72, is attached hereto as **Exhibit F**.

**ANSWER:** Admits the allegations of paragraph 10.

11. On April 4, 2008, Plaintiff entered into an Engagement Agreement ("Agreement 2") to perform legal services for Chicago Visitors Hospitality, Inc. ("Chicago Visitors"), an Illinois corporation in good standing doing business at 1112 S, Wabash, Chicago, IL 60605. Agreement 2 is attached hereto as **Exhibit G**.

**ANSWER:** Denies the allegations of paragraph 11.

12. Although Defendant orally agreed to guarantee payment to Plaintiff for services for Chicago Visitors during *the* representation of Chicago Visitors ("First Oral Agreement'), he failed to sign the guarantee provision in Agreement 2. **See Exhibit G**.

**ANSWER:** Denies the allegations of paragraph 12

13. On. or around July 5, 2008, Defendant orally agreed to pay to Plaintiff any fees and costs incurred during representation of him and Jim Vincent, Defendant's business partner, in the business partner, in the formation of a new company in Illinois ("Second Oral Agreement").

**ANSWER:** Denies the allegations of paragraph 13.

## COUNT I: ACCOUNT STATED

14-26. Plaintiff re-alleges paragraphs 1-13 of this Complaint as Paragraphs 14-26 of this

Count 1.

**ANSWER:** Adopts as his answer to paragraphs 1 through 13 above as his answer to paragraphs 14 through 26 herein.

27. Plaintiff provided professional legal services pursuant to the signed contract for Local Choices and sent Defendant invoices for those services but Plaintiff has not received the full payment on said prior invoices. A copy of the most recent Statement of Account is attached hereto as **Exhibit H**.

**ANSWER:** Denies the allegations of paragraph 27.

28. To date, Defendant has not disputed the amount of the Statements nor the value of the services rendered, and has retained the Statements beyond a reasonable time without objection.

**ANSWER:** Denies the allegations of paragraph 28.

29. As a result, an account stated has arisen between the parties in the sum of $85,065.88, plus interest.

**ANSWER:** Denies the allegations of paragraph 29 and denies that plaintiff is entitled to judgment against defendant in any amount whatsoever.

## COUNT II: BREACH OF CONTRACT

30-42. Plaintiff realleges paragraphs 1-13 of this Complaint as paragraphs 30-42 of this Count 11.

**ANSWER:** Adopts as his answer to paragraphs 1 through 13 above as his answer to paragraphs 30 through 42 herein.

43. Plaintiff has performed the requested professional legal services for Local Choices and fulfilled all its obligations under the Agreement, attached hereto as Exhibit A.

**ANSWER:** Denies the allegations of paragraph 43.

44. Defendant, however, has breached the Personal Guaranty, attached hereto

4

as **Exhibit B,** on the Agreement, by failing and refusing to pay for Services rendered pursuant to the Agreement.

**ANSWER:** Denies the allegations of paragraph 44.

45. As a direct and proximate result of Defendant's breach of the Personal Guaranty, Plaintiff has been injured in the sum of $85,065.88, plus interest.

**ANSWER:** Denies the allegations of paragraph 45 and denies that plaintiff is entitled to judgment against defendant in any amount whatsoever.

## COUNT III : QUANTUM MERUIT

46-58. Plaintiff re-alleges paragraphs 1-13 of this Complaint as paragraphs 46-58 of this Count IIII.

**ANSWER:** Adopts as his answer to paragraphs 1 through 13 above as his answer to paragraphs 46 through 58 herein.

59. Beginning on or about March 5, 2008, at Chicago, Illinois, Plaintiff performed professional legal services for Local Choices, at Defendant's specific instance and request.

**ANSWER:** Denies the allegations of paragraph 59.

60. Plaintiff is entitled to be compensated for the reasonable and necessary costs of providing the services.

**ANSWER:** Denies the allegations of paragraph 60.

61. Plaintiff has set forth the reasonable attorney fees and costs in invoices sent to Defendant.

**ANSWER:** Denies the allegations of paragraph 61.

62. Plaintiff has made demand on Defendant to pay for the professional services rendered and to reimburse Plaintiff for the costs advanced.

**ANSWER:** Admits the allegations of paragraph 62.

63. Defendant has failed and refused to pay for the services rendered or for the

reasonable costs advanced.

**ANSWER:** Denies the allegations of paragraph 63.

64. Plaintiff is entitled to reasonable compensation for the services rendered, and for reasonable reimbursement of costs, in the sum of $85,065.88 plus costs, interest, and such other and farther relief as may be just and equitable.

**ANSWER:** Denies the allegations of paragraph 64 and denies that plaintiff is entitled to judgment against defendant in any amount whatsoever.

## COUNT IV: ACCOUNT STATED

65-77. Plaintiff re-alleges paragraphs 1-13 of this Complaint as paragraphs 65-77 of this Count IV.

**ANSWER:** Adopts as his answer to paragraphs 1 through 13 above as his answer to paragraphs 65 through 77 herein.

78. Plaintiff provided professional legal services pursuant to the First Oral Agreement for Defendant and sent Defendant invoices for those services, but Plaintiff has not received the full payment on said prior invoices. A copy of the most recent Statement of Account is attached hereto as **Exhibit 1**.

**ANSWER:** Denies the allegations of paragraph 78.

79. To date, Defendant has not disputed the amount of the Statements nor the value of the services rendered, and has retained the Statements beyond a reasonable time without objection.

**ANSWER:** Denies the allegations of paragraph 79.

80. As a result, an account stated has arisen between the parties in the sum of $5,939.75.

**ANSWER:** Denies the allegations of paragraph 80 and denies that plaintiff is entitled to judgment against defendant in any amount whatsoever.

## COUNT V: BREACH OF ORAL CONTRACT

81-93. Plaintiff re-alleges paragraphs 1-13 of this Complaint as paragraphs 81-93 of this Count V.

**ANSWER:** Adopts as his answer to paragraphs 1 through 13 above as his answer to paragraphs 81 through 93 herein.

94. Plaintiff performed the requested professional legal services for Chicago Visitors, and fulfilled all its obligations under Agreement 2 attached hereto as Exhibit G.

**ANSWER:** Denies the allegations of paragraph 94.

95. Plaintiff made demand on Defendant to pay for the professional legal services rendered and for the costs incurred by sending invoices to Defendant, the most recent of which are attached hereto as Exhibit I.

**ANSWER:** Denies the allegations of paragraph 95.

96. Defendant, however, breached the First Oral Agreement with Plaintiff by failing and refusing to pay for services rendered pursuant to Agreement 2.

**ANSWER:** Denies the allegations of paragraph 96.

97. As a direct and proximate result of Defendant's breach of the First Oral Agreement, Plaintiff has been injured in the sum of $5,939.75.

**ANSWER:** Denies the allegations of paragraph 97 and denies that plaintiff is entitled to judgment against defendant in any amount whatsoever.

## COUNT VI: QUANTUM MERUIT

98-110. Plaintiff re-alleges paragraphs 1-13 of this Complaint as paragraphs 98-110 of this Count VI.

**ANSWER:** Adopts as his answer to paragraphs 1 through 13 above as his answer to paragraphs 98 through 110 herein.

111. Beginning on or about April 4, 2008, at Chicago, Illinois, Plaintiff performed professional

legal services for Chicago Visitors at Defendant's specific instance and request.

**ANSWER:** Denies the allegations of paragraph 111.

112. Plaintiff is entitled to be compensated for the reasonable and necessary costs of providing the services.

**ANSWER:** Denies the allegations of paragraph 112.

113. Plaintiff has set forth the reasonable attorney fees and costs in invoices sent to Defendant.

**ANSWER:** Denies the allegations of paragraph 113.

114. Plaintiff has made demand on Defendant to pay for the professional services rendered and to reimburse Forrest L. Ingrain, P.C. for the costs advanced.

**ANSWER:** Denies the allegations of paragraph 114.

115. Defendant has failed and refused to pay for the services rendered or for the reasonable costs advanced.

**ANSWER:** Denies the allegations of paragraph 115.

116. Plaintiff is entitled to reasonable compensation for the services rendered, and for reasonable reimbursement of costs, in the sum of $5,939.75 plus costs and such other and further relief as may be just and equitable.

**ANSWER:** Denies the allegations of paragraph 116 and denies the plaintiff is entitled to judgment against defendant in any amount whatsoever.

## COUNT VII: UNJUST ENRICHMENT

117-129. Plaintiff re-alleges paragraphs 1-13 of this Complaint as paragraphs 117-129 of this Count VII.

**ANSWER:** Adopts as his answer to paragraphs 1 through 13 above as his answer to paragraphs 117 through 129 herein.

8

130. In a diversity case, a federal court is to apply the choice of law provisions of the forum state. See First Nat, Bank of Boston v. Heuer, 702 F.Supp.173, 175 (N.D. Ill. 1988).

**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 130 and therefore denies same.

131. Thus, the Illinois choice of law provisions apply here, and Illinois courts apply the "most significant relationship" test of the Restatement (Second) of Conflicts of laws, incorporating a presumption that the law of the state where the injury occurred should apply. See Id.

**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 131 and therefore denies same.

132. In addition, Federal Court in the Northern District of Illinois applies the Illinois state law on the concept of Unjust Enrichment. See AA Sales & Associates, Inc. v. JT 84 T Products Corp., 48 F.Supp.2d 805 (ND. III. 1999).

**ANSWER:** : Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 132 and therefore denies same.

133. In order to state an unjust enrichment claim in Illinois, "plaintiff must allege that (1) defendant has unjustly retained benefit to plaintiff's detriment, and (2) defendant's retention of benefit violates fundamental principles of justice, equity, and good conscience." Cement-Lock v, Gas Technology Institute, 523 FSupp2d 827, 862. (N.D. Ill 2007).

**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 132 and therefore denies same.

134. Plaintiff provided professional legal services for a corporation, Chicago Visitors, in which Defendant was an officer, to both the Defendant's benefit and the Plaintiff's detriment.

**ANSWER:** Denies the allegations of paragraph 134.

135. For Defendant to retain this benefit without payment to the Plaintiff would constitute a violation of fundamental principles of justice, equity, and good conscience, as Plaintiff devoted its time and efforts for the Defendant's benefit.

**ANSWER:** Denies the allegations of paragraph 135 and denies that plaintiff is

entitled to judgment against defendant in any amount whatsoever.

## COUNT VIII: ACCOUNT STATED

136-148. Plaintiff re-alleges paragraphs 1-13 of this Complaint as paragraphs 136-148 of

this Count VIII.

**ANSWER:** Adopts as his answer to paragraphs 1 through 13 above as
his answer to paragraphs 136 through 148 herein.

149. Plaintiff provided professional legal services pursuant to the Second Oral Agreement for Defendant and sent Defendant invoices for those services, but Plaintiff has not received the full payment on said prior invoices. A copy of the most recent Statement of Account is attached hereto as **Exhibit J.**

**ANSWER:** Denies the allegations of paragraph 149

150. To date, Defendant has not disputed the amount of the Statements nor the value of the services rendered, and has retained the Statements beyond a reasonable time without objection.

**ANSWER:** Denies the allegations of paragraph 150

151. As a result, an account stated has arisen between the parties in the sum of $13,692.50.

**ANSWER:** Denies the allegations of paragraph 151 and denies that plaintiff is entitled to judgment against defendant in any amount whatsoever.

10

## COUNT IX: BREACH OF ORAL CONTRACT

152-164, Plaintiff re-alleges paragraphs 1-13 of this Complaint as paragraphs 152.-164 of this Count IX.

**ANSWER:** Adopts as his answer to paragraphs 1 through 13 above as his answer to paragraphs 152 through 164 herein.

165. Plaintiff performed the requested professional legal services for Defendant

**ANSWER:** Denies the allegations of paragraph 165

166. Plaintiff made demand on Defendant to pay for the professional legal services rendered and for the costs incurred by sending invoices to Defendant, the most recent of which are attached hereto as **Exhibit J**.

**ANSWER:** Denies the allegations of paragraph 166

167. Defendant, however, breached the Second Oral Agreement with Plaintiff by failing and refusing to pay for services rendered.

**ANSWER:** Denies the allegations of paragraph 167

168. As a direct and proximate result of Defendant's breach of the Second Oral Agreement, Plaintiff has been injured in the sum of $13,692.50.

**ANSWER:** Denies the allegations of paragraph 168 and denies that plaintiff is entitled to judgment against defendant in any amount.

## COUNT X: QUANTUM MERUIT

169-181. Plaintiff re-alleges paragraphs 1-13 of this Complaint as paragraphs 169-181 of this Count X.

**ANSWER:** Adopts as his answer to paragraphs 1 through 13 above as his answer to paragraphs 169 through 181 herein.

182. Beginning on or about July 8, 2008, at Chicago, Illinois, Plaintiff performed

professional legal services for Defendant at Defendant's specific instance and request.

**ANSWER**: Denies the allegations of paragraph 182

183. Plaintiff is entitled to be compensated for the reasonable and necessary costs of providing the services.

**ANSWER**: Denies the allegations of paragraph 183

184. Plaintiff has set forth, the reasonable attorney fees and costs in invoices sent to Defendant.
**ANSWER**: Denies the allegations of paragraph 184.

185. Plaintiff has made demand on Defendant to pay for the professional services rendered and to reimburse Forrest Tom. Ingram, P.C. for the costs advanced.

**ANSWER**: Denies the allegations of paragraph 185

186. Defendant has failed and refused to pay for the services rendered or for the reasonable costs advanced.

**ANSWER**: Denies the allegations of paragraph 186

187. Plaintiff is entitled to reasonable compensation for the services rendered, and for reasonable reimbursement of casts, in the sum of $13,692.50 plus costs and such other and further relief as may be just and equitable.

**ANSWER**: Denies the allegationof paragraph 187 and denies that plaintiff is entitled to

judgment against defendant in any amount.

## COUNT XI: UNJUST ENRICHMENT

188-204. Plaintiff re-alleges paragraphs 1-13 and the case law set forth in paragraphs

130-133 of this Complaint as paragraphs 188-204 of this Count VII.

**ANSWER**: Adopts as his answer to paragraphs 1 through 13 above as
his answer to paragraphs 188 through 204 herein.

12

205. Plaintiff provided professional legal services for the Defendant's legal matters, at the Defendant's request, specifically, the formation of a new Illinois corporation.

**ANSWER:** Denies the allegations of paragraph 205

206. For Defendant to retain this benefit without payment to the Plaintiff would constitute a violation of fundamental principles of justice, equity, and good conscience, as Plaintiff devoted its time and efforts for the Defendant's benefit.

**ANSWER:** Denies the allegations of paragraph 206 and denies that plaintiff is entitled to

judgment against defendant in any amount whatsoever.

## COUNT XII: FRAUDULENT INDUCEMENT

207-219. Plaintiff re-alleges paragraphs 1.13 and the case law *set* forth in paragraphs

130.133 of this Complaint as paragraphs 207-221 of this Count XII.

**ANSWER:** Adopts as his answer to paragraphs 1 through 13 above as his answer to paragraphs 207 through 219 herein.


216. "Under Illinois law, fraudulent inducement requires proof of five elements: (1) a false statement of material fact (2) known or believed to be false by the person making it (3) an intent to induce the other party to act, (4) action by the other party in reliance on the truth of the statement, and (5) damage to the other party resulting from such reliance." Hoseman v. Weinschneider, 322 F.3d 468, 476 (7d. 1993).


**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations of paragraph 216 and therefore denies same.




217. On or about March 5, 2008, Defendant told Plaintiff that he intended to pay the legal bills incurred by Local Choices, in its bankruptcy case, during Plaintiff representation of

13

Local Choices.

**ANSWER:** Admits the allegations of paragraph 217.

218. On or about April 4, 2008, Defendant told Plaintiff that he intended to pay the legal bills incurred by Chicago Visitors, during Plaintiff's representation of Chicago Visitors.

**ANSWER:** Denies the allegations of paragraph 218

219. On or about July 5, 2008, Defendant told Plaintiff that he intended to pay the legal bills incurred by him and Jim Vincent, Defendant's business partner, in the formation of a new company in Illinois, during Plaintiff's representation.
220. At no time when making the statements in Paragraphs 217-219 above, did Defendant intend to pay the legal bills incurred by Local Choices, Chicago Visitors, or himself individually.

**ANSWER:** Denies the allegations of paragraph 219

220. At no time when making the statements in paragraphs 217-219 above did defendant intend to pay the legal bills incurred by Local Choices, Chicago Visitors or himself individually.

**ANSWER:** Denies the allegations of paragraph 220

221. Defendant knew that he would not make the payments for legal services but told Plaintiff that he would in order to induce Plaintiff to provide professional legal services to Local Choices, Chicago Visitors, and himself, individually.

**ANSWER:** Denies the allegations of paragraph 221.

222. As a result of the statements made by Defendant to Plaintiff, Plaintiff did actually provide professional legal services to Local Choices, Chicago Visitors, and Defendant, individually.

**ANSWER:** Denies the allegations of paragraph 222.

223. Plaintiff has incurred damages of $104,698.13 in unpaid legal fees incurred during the representation of Local Choices, Chicago Visitors, and Defendant, individually.

14

**ANSWER:** Denies the allegations of paragraph 223

224. While punitive damages are generally not available in breach of contract actions, recovery for punitive damages is available when the wrongdoer's conduct is malicious or so outrageous that it constitutes want on disregard of the wrongdoer's duty to the injured party. See Jeffers v. Nysse, 297 N.W.2d 495 (Wis. 1980), upholding punitive damages in a fraudulent inducement case, and Vance Pearson, Inc. v. Alexander, 408 N.E.2d 782 (Ill.App.Ct. 1980), upholding punitive damages in a breach of contract/fraudulent inducement case, both cases cited in Tom Hennick Musk Enterprises, Ltd. v. Desormeaux, 19B6 WL 7672 (N,D. M. 1986).

**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 224 and therefore denies same and denies that plaintiff is entitled to judgment against defendant in any amount whatsoever.

Respectfully Submitted,

Walter E. Rockwell

BY: _____
Lawrence Seiwert, His attorney

Lawrence Seiwert
33 North LaSalle Street
Suite 3400
Chicago, Illinois 60602
(312) 236-3663
ARDC NO. 2545853

15