# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FORREST L. INGRAM, P.C. | ) | |
| | ) | |
| Plaintiff, | ) | Case 09 CV 1967 |
| | ) | |
| v. | ) | The Honorable Judge John W. Darrah |
| | ) | |
| WALTER E. ROCKWELL | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

## MOTION TO PROCEED PURSUANT TO BANKRUPTCY RULE 362(c)(3)(A)

NOW COMES, the Plaintiff, FORREST L. INGRAM, P.C. (hereinafter, "FLI, P.C." or "Plaintiff"), a professional corporation, by and through its attorneys, and for its Motion to Proceed Pursuant to Rule 362(c)(3)(A) , states as follows:

1. FLI, P.C. is a professional corporation with its principle place of business in Cook County Illinois.

2. The Defendant, Walter E. Rockwell (hereinafter, "Rockwell") is an individual residing in California.[1]

3. On September 17, 2009, the Defendant filed for relief under Chapter 7 of the Bankruptcy Code in the Southern District of California. (see Exhibit A, Notice of Chapter 7 Bankruptcy Case).

4. Generally, when a Debtor files for Bankruptcy they are protected by an "Automatic Stay" which stays the commencement or continuation of any judicial

---

[1] The Northern District of Illinois has jurisdiction pursuant to 28 U.S.C. §1332(a)(1), which provides "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000…" Venue is proper because "a substantial part of the events or omissions giving rise to the claim occurred" in Cook County, Illinois. See 28 U.S.C. §1391(a)(2).

1

proceeding or the collection of any claim against the debtor. (See, 11 U.S.C. §362 (2009).)

5.      However, there are exceptions to the "Automatic Stay" which are applicable in the instant case.

6.      Pursuant to 11 U.S.C. §362(c)(3)(A),

> if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, 13 and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under a chapter other than chapter 7 after dismissal under section 707(b)—
>
>> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debtor or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case.
>>
>> (B) On the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay…

7.      In short, if a person files a new bankruptcy petition within one year of a previous bankruptcy case being dismissed, §362(c)(3)(A) automatically terminates the automatic stay after thirty days. The only exception is if the court enters an order extending the stay within the first thirty days of the pending bankruptcy upon motion by a party and hearing. *In re Daniel*, 404 B.R. 318, 320, 2009 Bankr. LEXIS 919 (Bankr. N.D. Ill. 2009).

8.      Rockwell filed Bankruptcy Petition #08-11691-JM11 in the Southern District of California on November 18, 2008. The petition was later dismissed on January 29, 2009. (See, Exhibit B, Notice of Entry of Order Dismissing Case and Vacating All Automatic Stays and Injunctions)

9.      On September 17, 2009, Rockwell filed his second bankruptcy petition within one calendar year, #09-11691-JM11. Neither Rockwell nor any other party in interest sought

2

to extend the automatic stay. Therefore, the automatic stay terminated on October 17, 2009, thirty days after Rockwell filed his second petition for relief.

10. Since Rockwell filed a second bankruptcy petition within one year of his previous petition being dismissed and he failed to seek an extension from the automatic stay; FLI, P.C. is entitled to proceed with this matter pursuant to 11 U.S.C. 362(c)(3)(a).

WHEREFORE, the Plaintiff FORREST L. INGRAM, P.C. respectfully requests that this Honorable Court enter an order granting FLI, P.C. the right to proceed with its claims against Defendant, WALTER E. ROCKWELL.

Plaintiff seeks such other and further relief that this Court deems fair and proper.

Respectfully submitted,

Forrest L. Ingram, P.C.

By: /s/ Forrest L. Ingram
One of its attorneys

Forrest L. Ingram, P.C. #3120932
Forrest L. Ingram
Michael V. Ohlman
79 W. Monroe, Suite 900
Chicago, IL 60603
(312) 759-2838

3